**UNITED STATES COURT OF APPEALS**

**April 25, 2008**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ESTEBAN DIAZ,

      Defendant-Appellant.

No. 07-6266
(D.C. No. 07-CR-00094-M-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McCONNELL**, and **GORSUCH**, Circuit Judges.

Esteban Diaz pleaded guilty in June 2007 to attempted distribution of
methamphetamine in violation of 21 U.S.C. § 846. He was sentenced to 235
months' imprisonment, which was below the statutory maximum of 40 years'
imprisonment and at the bottom of the sentencing guideline range determined by
the district court. Although Mr. Diaz pleaded guilty pursuant to a plea agreement

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

that contained a waiver of his appellate rights, he has filed an appeal seeking to challenge his sentence. The government now moves to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, Mr. Diaz contends that the government breached the terms of the plea agreement, and, therefore, his right to appeal should not be precluded by the plea agreement's appeal waiver. Having considered the motion and response, we grant the motion to enforce and dismiss the appeal.

Mr. Diaz's attorney filed a response to the government's motion to enforce the appeal waiver stating his belief that there are no meritorious grounds upon which Mr. Diaz can urge denial of the government's motion, citing *Anders v. California*, 386 U.S. 738, 744 (1967). This court then gave Mr. Diaz an opportunity to file a pro se response to the motion to enforce. He filed a response asserting that the appeal waiver should not be enforced because the government breached the plea agreement. He argues that there was a stipulation in the plea agreement that he was pleading guilty to mailing one pound of methamphetamine, but the presentence report and the district court calculated his sentence based on his attempted sale of five pounds of methamphetamine.

In his plea agreement, Mr. Diaz "knowingly and voluntarily" agreed to waive his right to "[a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed" or "his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the

advisory guideline range determined by the Court to apply to [his] case." Mot. to Enforce, Ex. 2, Plea Agreement at 6. In entering his plea, Mr. Diaz informed the court that he understood he was waiving his right to appeal any sentence that was within the advisory guideline range. Mot. to Enforce, Ex. 3, Plea Hr'g Tr. at 14-15.

"This circuit has held . . . that a[n appeal] waiver provision may be unenforceable if the government breaches the terms of the Plea Agreement." *United States v. Guzman*, 318 F.3d 1191, 1195 (10th Cir. 2003). "General principles of contract law define the content and scope of the government's obligations under a plea agreement." *United States v. VanDam*, 493 F.3d 1194, 1199 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 945 (2008). "We thus look to the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea." *Id*. "We evaluate the record as a whole to ascertain whether the government complied with its promise." *Id*.

In the plea agreement, Mr. Diaz did agree to plead guilty to mailing one pound of methamphetamine for purposes of distribution, but the agreement contains no stipulation or agreement that that amount would be the only amount considered in determining his sentence. Under the express provisions of the plea agreement, Mr. Diaz acknowledged his understanding that, in imposing his sentence, the district court would consider certain factors set forth in

18 U.S.C. § 3553(a) and the Sentencing Guidelines promulgated by the United States Sentencing Commission. Plea Agreement at 3-4. He further acknowledged that the government "reserve[d] the right to advocate for, and present evidence relevant to, . . . [sentencing] guideline adjustments and sentencing factors for consideration" by the probation office and the court. *Id*. at 4. Under the Sentencing Guidelines, a defendant's relevant conduct, including his attempted drug sales, are pertinent sentencing factors. *See* U.S.S.G. §§ 1B1.3, 2D1.1; *see also United States v. Moore*, 130 F.3d 1414, 1419 (10th Cir. 1997) (holding that uncharged amounts of drugs may be included as relevant conduct even if the defendant never actually possessed or distributed the drugs). Mr. Diaz did not dispute at sentencing, and does not dispute now, that he attempted to arrange a sale of five pounds of methamphetamine with a drug enforcement officer, which was not completed because the agent would not let Mr. Diaz borrow his car. Accordingly, it was clear under the terms of the plea agreement that Mr. Diaz's attempted sale of five pounds of methamphetamine could be considered as relevant conduct in determining his sentence.

We conclude, based on the express terms of the plea agreement, Mr. Diaz's reasonable understanding of those terms, and the record as a whole, that the government did not breach the plea agreement. Mr. Diaz does not argue that his waiver is otherwise invalid under the framework set forth in *Hahn*, 359 F.3d at

-4-

1325. Accordingly, the government's motion to enforce the appeal waiver is GRANTED, and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM